UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUENERGI ESTUPINAN PAREDES,

v.                               Case No. 8:05-cr-234-T-17EAJ
                                         8:07-cv-852-T-17EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  Doc. cv-1; cr-151.

Procedural Background

In June 2005, a grand jury in the Middle District of Florida returned an indictment charging Buenergi Estupinan Paredes, and others, with possessing with intent to distribute at least five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) & (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiring to do the same, in violation of 46 U.S.C. App. § 1903(a), (g) & (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-1. Estupinan Paredes pleaded guilty as charged without the benefit of a written plea agreement. Doc. cr-42.

On December 21, 2005, the district court sentenced him to 135 months imprisonment as to each of counts One and Two to run concurrently with credit for time served to be followed by three years of supervised release. Doc. cr-73, cr-87.

Estupinan Paredes appealed the court's denial of his request for a mitigating role and argued that his sentence was unreasonable. Doc. cr-149 at 2-3. See Estupinan Paredes' appeal brief attached as Exhibit 1, the Government's Brief attached as Exhibit 2 and Estupinan Paredes' Reply Brief attached as Exhibit 3 to the Government's Response. Doc. cv-7.

On August 3, 2006, the Eleventh Circuit Court of Appeals affirmed Estupinan Paredes' sentence, finding no reversible error in the district court's denial of a mitigating role reduction or in the sentence imposed. Doc. cr-149 at 4.  On May 18, 2007, Estupinan Paredes filed a timely 28 U.S.C. § 2255 motion to vacate, set aside, or correct his allegedly illegal sentence.  He did not file a  memorandum of law. Doc. cv-1. In his motion, Estupinan Paredes raises the following grounds:

Ground One: Ineffective Assistance of Counsel. Counsel did not explain the plea agreement or the entirety of the guilty plea. Doc. cv-1 at 5.

Ground Two: Consular rights were violated. Arresting officers and counsel failed to inform the consulate according with Vienna Convention. Doc. cv-1 at 5.

Ground Three: Jurisdiction. Petitioner was never in the United States territorial jurisdiction. Jurisdiction does not exist seeing that petitioner never committed a crime in the United States. Doc. cv-1 at 5.

Ground Four: Minimum or minor role in offense was denied. It is a violation of the law, based on the facts that no mitigation was done. The petitioner's cooperation with the

government was not taken in account for respective role. Doc. cv-1 at 6.

## Factual Background

On June 4, 2005, a Coast Guard Law Enforcement Detachment ("LEDET") aboard the USS Jarrett spotted a "go-fast" vessel attempting to maneuver alongside a fishing vessel in international waters of the Eastern Pacific Ocean off the coast of Ecuador. PSR ¶ 7. A helicopter launched from the USS Jarrett intercepted the "go-fast," which then fled eastward. PSR ¶ 7. Coast Guard personnel observed persons on the "go-fast" jettisoning objects overboard. PSR ¶ 7.

The USS Jarrett and a helicopter launched from the United States Coast Guard Cutter Chase issued warning shots to compel the "go-fast" to stop, but the boat continued on its course. PSR ¶ 8. The Coast Guard eventually disabled the "go-fast" while the boat was still in international waters, approximately eleven nautical miles outside the territorial waters of Colombia. PSR ¶ 8.

Coast Guard personnel then boarded the "go-fast" and recovered 2113 kilograms of cocaine packaged in ninety-three bales. PSR ¶¶ 9, 10, 18. The "go-fast" bore no indication of nationality and the crew members claimed none for the boat. PSR ¶ 9. The government of Colombia was contacted, but could not confirm nor refute the vessel's registration. As such, the go-fast was assimilated to be stateless, that is a vessel without nationality, and therefore, subject to the jurisdiction of the United States. PSR ¶ 9. Doc. cr-123 at 45.

On August 3, 2005, Estupinan Paredes pleaded guilty without a written plea agreement. Doc. cr-61. During the change of plea hearing the court addressed the charges in great detail with Estupinan Paredes who was assisted by an interpreter. Doc. cr-123 at

3. Specifically, the court addressed the charges against him (Doc. cr-123 at 12-13); the elements of the offenses (Id. at 39-42); the penalties (Id. 29-32); and the factual basis necessary to prove the charges, including that the defendants were subject to the jurisdiction of the United States. (Id. at 43-46).

During the hearing, Estupinan Paredes also asserted that he had reviewed the charges, learned the evidence against him, and had discussions with his lawyer regarding what was best for him. Doc. cr-123 at 14. He also stated he was completely satisfied with the advice and representation of his attorney. (Id. at 12).

At the conclusion of the hearing, the court found that Estupinan Paredes was competent, that his plea was knowing, intelligent and voluntary, and that it was adequately supported by a sufficient factual basis. Id. at 49. The district court accepted the Magistrate's Report and Recommendation and adjudicated him guilty of Counts One and Two of the Indictment. Docs. cr-45 and cr-61.

The United States Probation Office calculated Estupinan Paredes' base offense level of thirty-eight, based upon its recommendation that Estupinan Paredes be held responsible only for the 2113 kilograms of cocaine found on board. PSR ¶ 18. The Probation Office recommended that the district court reduce the offense level by two because Estupinan Paredes was qualified for the "safety-valve" provision set forth in USSG §5C1.2. PSR ¶ 19. The office further recommended a three-level reduction for acceptance of responsibility pursuant to USSG §3E1.1. PSR ¶¶ 24-25. The office recommended that Estupinan Paredes not receive any adjustment under USSG §3B1.2 for role in the offense. PSR ¶¶ 17, 20. The probation office concluded that Estupinan Paredes had a total offense level of thirty-three and a criminal history category of I. PSR ¶¶ 26, 29. The office indicated that the

guidelines imprisonment range was 135-168 months, PSR ¶ 46.

At sentencing, Estupinan Paredes objected to the recommendation that he not receive a reduction for minor role under USSG §3B1.2(b). Doc. cr-125 at 5. The district court overruled Estupinan Paredes' objection, finding that Estupinan Paredes was not entitled to a reduction for minor role in the offense. Doc. cr-125 at 8. The court stated that Estupinan Paredes was "similarly situated, equally culpable" with respect to the indicted co-conspirators. Doc. 125 at 8. 16. The court sentenced Estupinan Paredes to 135 months' imprisonment, the low end of the recommended guidelines range. Doc. cr-125 at 18.

## Discussion

### Grounds One and Two -- Effectiveness of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of

5

professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

In his motion to vacate, Estupinan Paredes generally states, without any further explanation, facts or legal arguments that his counsel was ineffective because he failed to clearly explain the plea agreement. Ground One. Doc. cv-1 at 5. Although not directly raised as an ineffective assistance of counsel claim, on Ground Two, Estupinan Paredes states that the government and his counsel failed to inform the consulate of his country in accordance with the Vienna Convention. Doc. cv-1 at 5.

6

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the Strickland test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Id.*

Estupinan Paredes' plea agreement claim is contradicted by the record and lacks merit. First, Estupinan Paredes pled guilty to the two counts charged without a written plea agreement. Doc. cr-123 at 12. Second, during the change of plea hearing, Estupinan Paredes agreed, under oath, that he and his lawyer had reviewed the charges, learned the evidence against him, and had discussions regarding what was best for him. Doc. cr-123

at 14. He also stated he was completely satisfied with the advice and representation of his attorney. *Id.*

It is clear, then, that Estupinan Paredes and his lawyer were in fact communicating and that they had discussed the plea and his options rendering this claim meritless. Even if the Court were to believe that his lawyer did not discuss the plea process with her client, Estupinan Paredes was properly instructed by the court. Doc. cr-123. The record shows that Estupinan Paredes' lawyer met her obligations as applied to the plea process and required by *Wainwright*. See Wainwright, 48 F.2d 1505, 1508.

As to Estupinan Paredes' claim that the government and his counsel failed to contact the consulate of his country in contravention to the Vienna Convention, again he fails to offer any facts to sustain such a claim and fails to assert any resulting prejudice from this alleged failure.

The Vienna Convention was drafted in 1963 for the purpose, as stated in its preamble, of "contribut[ing] to the development of friendly relations among nations, irrespective of their differing constitutional and social systems." 21 U.S.C. 77 at 79. Article 36 of the Vienna Convention provides that upon arrest, a foreign national has the right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right. *Id.* at art. 36(a)(b). The Eleventh Circuit Court of Appeals has held that a criminal defendant could not seek to have an indictment dismissed based on an alleged violation of Article 36 of the Vienna Convention. *See United States v. Duarte-Acero*, 296 F.3d 1277 (11th Cir. 2002). That Court determined that the Convention's preamble made it clear that the Convention was not intended to benefit individuals. The Supreme Court has not definitively decided the issue but has stated that the Vienna

8

Convention "arguably confers on an individual the right to consular assistance following an arrest." *Breard v. Greene*, 523 U.S. 371, 376 (1998). More recently, in *Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669 (2006), the Supreme Court opted to leave open-ended the question of whether the Vienna Convention created enforceable individual rights, assuming without deciding that the Vienna Convention did create such rights. *Id.* at 2677. In *Sanchez-Llamas*, the Supreme Court held that, *assuming* the Vienna Convention created enforceable individual rights, suppression of the evidence via the exclusionary rule was not an appropriate remedy for violation of the Vienna Convention. *Id.* at 2678-79 (emphasis added). The Supreme Court's analysis was crafted specifically for the remedy of suppression of evidence via the exclusionary rule, and not for any other form of remedy. *Id.* at 2680-82.

Estupinan Paredes does not claim that he was not advised of his right to contact the consulate; he just vaguely alleges that counsel failed to inform "them". Doc. cv-1 at 5. He offers no description of what counsel failed to inform "them of," nor any specific disadvantage he suffered as a result of counsel's alleged failure to inform the consulate. Even if the Court were to assume that he means counsel failed to inform him of his right to call the consulate, Estupinan Paredes has failed to demonstrate or even allege resulting prejudice as required by *Strickland*. In this instance, Estupinan Paredes, who readily admitted his guilt, has offered no evidence that his consulate could have offered any assistance not provided by his counsel. This claim fails to meet both prongs of *Strickland*. Estupinan Paredes has failed to show any deficient performance or resulting prejudice in Grounds One and Two. Accordingly, he is entitled to no relief on those grounds.

Ground Three

Estupinan Paredes asserts, again without any factual basis or legal argument, that the United States lacked jurisdiction over him because he did not commit a crime in United States territory. Doc. cv-1 at 5. Estupinan Paredes is not entitled to relief on Ground Three, because he has procedurally defaulted this claim and also because the claim lacks merit. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a Petitioner must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant,* 499 U.S. 467, 497 (1991)). To establish prejudice, the Petitioner must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley,* 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Estupinan Paredes has failed to establish cause for not raising this jurisdictional

issue until now, but even if this jurisdictional claim had been raised in the district court or on direct appeal it would have been rejected. The law in this circuit regarding jurisdictional and constitutional challenges to the Maritime Drug Law Enforcement Act (MDLEA) has already been resolved and is governed by *United States v. Tinoco*, 304 F.3d 1088, 1096-1102 (11th Cir. 2002), *cert. denied,* 538 U.S. 909 (2003). *See also United States v. Rendon*, 354 F.3d 1320, 1326-28 (11th Cir. 2003); *United States v. Estupinan*, 453 F.3d 1336 (11th Cir. 2006). Therefore, Estupinan Paredes' claim in Ground Three, is procedurally barred and lacks merit. He is not entitled to relief.

## Ground Four

Estupinan Paredes challenges the court's decision to deny his minor or minimum role request for departure stating that it was unlawful and his cooperation with the government was not taken into account in this ruling. Doc. cv-1 at 6. Estupinan Paredes is not entitled to review of this claim, however, because the Eleventh Circuit already has decided it. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *see also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

Estupinan Paredes raised this claim on appeal and the claim was rejected. See Exhibit 1 at 9-14. Doc. cr-149. Estupinan Paredes argued that his role as a low-level member of the crew on a go-fast boat was minor when compared to the entire drug

trafficking network and when compared to that of the captain of the go-fast boat. Doc. cr-149 at 2. The Eleventh Circuit Court of Appeals found that the record supported the district court's findings and that it did not clearly err in denying Estupinan Paredes' minor role reduction. Doc. cr-149 at 3. Estupinan Paredes has not alleged any extraordinary circumstance meriting relitigation of this claim, and this Court declines to review it. Ground four does not merit relief.

Accordingly, the Court orders:

That Estupinan Paredes' motion to vacate Doc. cv-1; cr-151 is denied. The Clerk is directed to enter judgment against Estupinan Paredes in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in

these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Christopher Francis Murray
Buenergi Estupinan Paredes

13